### Joseph BOWERS

v.

### James J. CURRAN et al.

### Civ. A. No. 73–517.

United States District Court,
E. D. Pennsylvania.

April 20, 1977.

Eugene F. Zenobi, Reading, Pa., for plaintiff.

S. J. Mathes, Philadelphia, Pa., A. Stephen Cohen, Dept. of Justice, Harrisburg, Pa., for defendants.

## OPINION

TROUTMAN, District Judge.

This is a civil rights action filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Jurisdiction is based upon 28 U.S.C. § 1331. Damages are sought based upon allegations that hallucinogenic drugs were supplied to the defendant while an inmate at the Schuylkill County prison. The defendants originally consisted of members of the judiciary, the prison staff, the State Police and former counsel for the plaintiff. Pre-trial procedures eliminated all but two of the defendants. Trial procedures eliminated one such remaining defendant and the trial proceeded to a conclusion as to the defendant, Richard B. Russell, District Attorney of Schuylkill County.

The plaintiff, at the time drugs were allegedly supplied to him by the defendant, was incarcerated in the Schuylkill County prison. He is presently incarcerated elsewhere, having been convicted on charges of burglary, robbery and first degree murder.

The evidence consists of the testimony of the plaintiff, the testimony of Raymond J. Stephany, likewise an inmate in the Schuylkill County prison at the time of the alleged drug supply, and the testimony of the defendant. The issues here raised turn squarely upon the narrow question—whether the defendant supplied the plaintiff with drugs while the latter was an inmate in the Schylkill County prison awaiting trial? Further refined, the question becomes primarily one of credibility.

The plaintiff's witness, Stephany, has testified that he appeared on several occasions in the District Attorney's office primarily for plea-bargaining purposes in connection with charges pending against him. He states that on one such occasion the defendant gave him drugs for delivery to the plaintiff. Ostensibly, the defendant's purpose, in sending drugs to the plaintiff, was to encourage the plaintiff to confess to the murder charges of which he was later convicted and to encourage him to disclose the location of a missing safe. However, the credible evidence establishes that at the time of the alleged drug delivery the plaintiff had already confessed and the missing safe had already been located.

Moreover, there are substantial conflicts as between Stephany's testimony and that of the plaintiff. They disagree as to what drugs were delivered. Although Stephany *first* inspected the container privately and before handing same to the plaintiff, he denies the presence of "LSD" impregnated on a blotter, whereas the plaintiff testified such impregnated drug was present in the container and delivered by Stephany to the plaintiff. Stephany denies any ill-will towards the defendant although repeatedly prosecuted by the defendant and the office which he represents. In at least one instance, he concedes a desire to protect other inmates and sources of drugs within the prison. For these reasons, his testimony lacks the credibility which attaches to the candid and straightforward testimony of the defendant who denies that he was ever alone with Stephany or that he ever handed drugs to Stephany for ultimate delivery to the plaintiff.

Turning to the plaintiff's testimony, we find less cause for credibility. He admits

that he suffered a skull fracture in 1968 and since that time had lapses of memory. He admits that as a result of medical studies and advice which followed, it was determined that he was mentally retarded, schizoid and chronically alcoholic. During the period here involved, 1972, he was admittedly a drug user and sometimes hallucinated. In one instance, he stated "that I had no association with reality. I couldn't distinguish from reality". In another instance, he admitted confusion on the witness stand attributing it to his condition. Incredibly, he testified that at the suppression hearing in connection with the murder charge, he made no mention of the charges here alleged because, "I didn't want to incorporate the civil action with the state action, and I didn't want to bring out certain things at the state action in a state court which was going to be brought out in federal court in the federal action, so I was careful in my answering questions". Granted that he explained his reasons for concealing the charges upon which this action is based, we are unable to accept the plaintiff's testimony as credible and supportive of the allegations contained in the complaint.

 Rather, we are compelled to accept as credible and controlling of the issues, the testimony of the defendant who denies ever being alone with Stephany, ever handing drugs to Stephany for delivery to plaintiff or being otherwise involved in the allegations asserted as a basis for this action. In reaching our conclusions, we have been careful to weigh and consider the testimony of the plaintiff and that of his witness, Stephany, without reference to their convictions and incarceration. Notwithstanding conviction and incarceration, such testimony deserves the same fair consideration as that of any other litigant and witness. We have fairly sought to do so and for the reasons stated have found the defendant's testimony more credible and of greater weight. Our task has been made no easier by the able presentation of plaintiff's counsel and his experienced and capable handling of the plaintiff's case.

We find that the defendant did not deliver, arrange for or otherwise participate in the delivery of drugs to the plaintiff. Therefore, we conclude that plaintiff has not established a violation of the plaintiff's civil rights within the meaning of 42 U.S.C. §§ 1981, 1983, 1985 or 1986. Judgment will be entered for the defendant.

Our decision on the merits makes it unnecessary to reach the question whether the defendant, as District Attorney and prosecutor, is subject to the doctrine of immunity. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The above shall constitute our findings of fact and conclusions of law in accordance with F.R. Civ.P. 52(a).